**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-209-FDW**

| | | |
|---|---|---|
| **RECO SHERON KAMSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **CAPTAIN BOYLES,** | ) | |
| **SGT. HYLINE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint

that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.      BACKGROUND

Plaintiff is a prisoner of the State of North Carolina. In his complaint, Plaintiff alleges that

on November 8, 2012, he was physically assaulted by Defendant Boyles while he was in the

process of transferring to Avery Mitchell Correctional Institution. Defendant Hyline allegedly

observed this incident but he did not intervene to stop the assault. Plaintiff contends that he

submitted a written notification of this incident to "prison legal service" and his family and Mike

Ball. Plaintiff was charged in connection with the November 8th incident and he was found guilty

of misconduct.

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." Following this initial review the "court shall identify cognizable claims or

dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id.  Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply

5

with the grievance procedures will vary from system to system and claim to claim, but it is the

prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or

demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health

Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an

affirmative defense, but the Court is not prohibited from sua sponte examining the issue of

exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to
> be pleaded and proven by the defendant. That exhaustion is an affirmative defense,
> however, does not preclude the district court from dismissing a complaint where the
> failure to exhaust is apparent from the face of the complaint, nor does it preclude
> the district court from inquiring on its own motion into whether the inmate
> exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy

procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to

148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517

F.3d 717, 721 (4th Cir. 2008). In Plaintiff's complaint, he blankly states that he has exhausted his

administrative remedies however in a document filed after he submitted his complaint, he explains

that he has not in fact exhausted his administrative remedies because he has been transferred from

Avery Correctional to Alexander Correctional which is also in the Western District. (1:13-cv-209,

Doc. No. 6). Plaintiff's transfer, however, does not preclude him from, nor excuse him from,

submitting the mandatory written grievances to address the allegations that he raises in his

complaint.

Based on the record before the Court, it appears that Plaintiff has failed to demonstrate that

he exhausted his administrative remedies prior to filing his § 1983 complaint. Accordingly,

Plaintiff's complaint will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 27, 2014

Frank D. Whitney
Chief United States District Judge